No. 1654. Decided May 14, 1895.]

W. A. Berry, *Appellant*, v. City of Tacoma *et al., Respondents.*

INJUNCTION—PUBLIC PRINTING—DISCRETION OF CITY COUNCIL.

The refusal of a city council, in letting a contract for city printing, to consider any bid not made by the owner of a newspaper, when the law and the charter of the city impose no such restriction on bidders, is such an abuse of the discretion reposed in the council as to warrant the interference of the courts.

*Appeal from Superior Court, Pierce County.*

*Doolittle & Fogg,* for appellant :

It is the duty of the city council to let the contract to the lowest and best bidder. That bidder who appears to be the lowest and best bidder may not be as a matter of fact; but the city council must find this out by investigation and judicially determine that the apparently lowest and best bidder is not really the lowest and best before it can award the contract to any other. 15 Am. & Eng. Enc. Law, 1091; *State v. City of Trenton,* 12 Atl. 902; *State v. Board, etc.,* 28 Atl. 424; Dillon, Mun. Corp. 449; *Times Pub. Co. v. Everett,*

9 Wash. 518 (43 Am. St. Rep. 865); Beach, Pub. Corp.
§ 198; *Brady v. Mayor*, 20 N. Y. 312; *McDonald v.
Mayor*, 68 N. Y. 23 (23 Am. Rep. 144). It is a general
rule that a municipal corporation can only bind itself
by a strict compliance with all the requirements of
the statute or charter. Where a mode of letting a con-
tract is prescribed, it must be strictly followed. *Zott-
man v. San Francisco*, 20 Cal. 103 (81 Am. Dec. 96);
*Head v. Providence Ins. Co.*, 2 Cranch, 156; *Hurford
v. City of Omaha*, 4 Neb. 350; *Murphy v. City of Louis-
ville*, 9 Bush, 196; *City of Bryan v. Page*, 51 Tex. 535;
*City of Leavenworth v. Rankin*, 2 Kan. 364; *City of
Terre Haute v. Lake*, 43 Ind. 480; *Worthington v. Cov-
ington*, 82 Ky. 265; *Ferguson v. Halsell*, 47 Tex. 422;
*Springfield Milling Co. v. Lane Co.*, 5 Or. 272.

*James Wickersham*, and *Stacy W. Gibbs*, for respond-
ent.

The opinion of the court was delivered by

DUNBAR, J.—This is a suit for injunction brought
by plaintiff and appellant to restrain the city of Ta-
coma and its officers from awarding the contract for
the city printing from October 5, 1894, to October 5,
1895, to the Union Publishing Company, or from des-
ignating the Morning Union, published by the Union
Publishing Company, as the official paper of the city,
and declaring invalid and void the bid of the said
company, and the designation, or attempted designa-
tion, of the Morning Union as the official paper, and
any and all contracts or bonds made or attempted to
be made with the said company.

The complaint alleges the qualifications of the ap-
pellant under the provisions of the law and the city
charter of Tacoma ; sets forth the provisions of the
charter in relation to the letting of the public print-

ing, and alleges that he bid in accordance with the law; that his bid was lower than that of the Morning Union, to which the contract was let; alleges that lower bidders than the Union Publishing Company were responsible and able to make good their bids, and that the said city council refused to exercise its discretion in awarding said contract; and all the other allegations necessary, if found true, to warrant the relief asked for.

An investigation of the testimony which the appellant has brought up in this case convinces us that the contention of the appellant must be sustained. This court decided, in *State ex rel. Pub. Co. v. Milligan*, 3 Wash. 144 (28 Pac. 369), that —

"It does not necessarily follow that the best bidder is the person who has a newspaper with the largest circulation, nor does it follow because the council is required after having let the contract to designate the newspaper published by the party securing said contract as the official newspaper of the city, that the newspaper so designated shall then be in existence;" and it was stated in the opinion rendered in that case, that, "had the freeholders intended to confine the bidding to owners of newspapers, they would probably have expressed such limitation in unmistakable terms, and in the absence of such expressed limitation, or of language plainly inferring it, courts will not be justified in presuming such restrictive intention."

Of course, we do not question the proposition urged by the respondents that where matters are left to the discretion of bodies of this kind the exercise of that discretion in good faith will not, in the absence of fraud, be disturbed. This proposition is too elementary to be discussed, and it is frankly admitted by the appellant in this case. But the testimony shows that the council refused to exercise its discretion in rela-

tion to the qualifications of the bidders. The president of the council and many of the members stated that they would not take into consideration any bidder excepting one who was the owner of a newspaper, thereby deciding that it *does* necessarily follow that the best bidder is a person who has a newspaper, in opposition to the doctrine expressed by this court in *State ex rel. Pub. Co. v. Milligan, supra.* The testimony shows that it was the determination of the council not to take into consideration, or to investigate, the qualifications of any of the bidders other than the owners of newspapers; and if, as we think, the law is that the council should exercise its discretion in investigating the qualifications of bidders, and they arbitrarily dismissed from such investigation or consideration a certain class of bidders, then, certainly, as to that class, the council has refused to exercise its discretion.

It is hardly worth while to review the testimony at length in this case, for there is but one conclusion that can be intelligently reached from its perusal, and that is that the council refused to entertain under any circumstances the bid of this appellant and others who were not owners of newspapers. This, we think, was error, and without discussing any of the others alleged by the appellant, for this error the judgment will be reversed and the cause remanded with instructions to grant the relief prayed for.

SCOTT, ANDERS and GORDON, JJ., concur.

HOYT, C. J., not sitting.